UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA McCALLISTER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | )<br>)<br>) |
| Plaintiff, | ) Case No. 4:13CV561 HEA<br>)<br>) |
| v. | )<br>) |
| FIRST BANKS, INC. and FIRST BANK, | )<br>) |
| Defendants. | )<br>) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Conditional Collective Action Certification Pursuant to 29 U.S.C. § 216(b) and Court Authorized Notice, [Doc. No. 14]. Defendants oppose the motion and the parties have filed extensive briefs. For the reasons set forth below, the Motion will be granted.

### **Facts and Background**

Plaintiff alleges that she and other "similarly situated" current and former First Bank loan officers are being illegally denied overtime pay and minimum wages because they have been mis-classified as "exempt" under the Fair Labor Standards Act, (FLSA).

The Complaint alleges the following: The primary job of Plaintiff as a "Home Loan Consultant" was to sell Defendant First Bank's mortgage loan products to potential borrowers. The Home Loan Consultants and other loan officers made contact with potential customers via the internet, including email, or phone. The Complaint alleges that the Home Loan Consultants work primarily in the office selling First Bank's mortgage products. Plaintiff had an assigned office and a dedicated phone line. She was expected to maintain regular office hours and be physically present at the bank on a daily basis.

Plaintiff and other Home Loan Consultants were paid on a commission basis and except for their first two months, were not paid a salary or hourly pay. They were not paid minimum wages when their commissions did not reach the minimum wage. They were required to work a minimum of 40 hours per week and often worked more. They were not required to record their time worked and Plaintiff claims Defendant failed to keep accurate time records as required by the FLSA. The Home Loan Consultants were not paid for their overtime hours.

Plaintiff claims she is similarly situated with other Home Loan Consultants employed by First Bank. Defendants argue that Plaintiff is not "similarly situated" with other Home Loan Consultants employed by First Bank. Defendants contend that the Home Loan Consultants are charged with self-sourcing their sales leads and a spend considerable amount of time outside the office developing

relationships with referral sources. They each build their own book of business. Because of this, Defendant argues they cannot be "similarly situated" as the term is used in the FLSA.

## Discussion

### Standard for Conditional Certification

Under 29 U.S.C. § 216(b), an employee may bring an action under the FLSA on his own behalf as well as for those "similarly situated ." The FLSA does not define "similarly situated," and the Eighth Circuit has not addressed what standard should be applied to the phrase. *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D.Mo.2008). However, district courts in this Circuit have conducted a two-step analysis to determine whether employees are "similarly situated." *Littlefield v. Dealer Warranty Servs., LLC*, 679 F.Supp.2d 1014, 1016–17 (E.D.Mo.2010). The first step is the "notice stage," in which plaintiffs seek early conditional class certification and notify potential class members of the case. *Id*. The second step is the "merits stage," which takes place after discovery and during which defendants may move to decertify the class. *Id*. at 1017. This action is in the first stage of that analysis.

Plaintiff's burden at the "notice stage" is not onerous: conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id*.

Plaintiffs may satisfy this burden through affidavits, supported by admissible evidence. *Id*. "The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Id*. The Court does not need to determine whether class members are actually similarly situated until the "merits stage" of the litigation, when defendants typically move to decertify the class. *Id*.

Plaintiff claims that Defendants had a corporate-wide common policy and practice whereby the Home Loan Consultants were not compensated for all compensable hours worked. That policy and practice allegedly resulted in each member of the putative class working many uncompensated hours, including many in excess of 40 hours per week. In addition, they allege they were not paid minimum wage when their commissions did not equal the minimum wage

**Conditional Class Certification**

"In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiff's affidavits." *Id*. (citing *Huang*, 248 F.R.D. at 227). "At the initial stage, courts determine whether the class should be conditionally certified for notification and discovery purposes. Such conditional certification requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Kalish v. High Tech Inst., Inc.*, No. 04–1440, 2005 WL 1073645, at *1 (D.Minn. Apr. 22, 2005)(internal

quotation marks and emphasis omitted). Conditional certification is appropriate at this stage "when the plaintiffs have established a colorable basis for their claim that a class of similarly situated plaintiffs exist." *Id.* at *2 (internal quotation marks omitted). "A colorable basis means that [the] plaintiff must come forward with something more than the mere averments in its complaint in support of its claim." *Id*. (internal quotation marks omitted; alteration in original). "However, plaintiffs' burden is not so rigorous that they must demonstrate their positions are identical to those of the opt-in plaintiffs. Rather, plaintiffs need show only that their positions are similar." *Nerland v. Caribou Coffee Co.*, 564 F.Supp.2d 1010, 1018 (D.Minn.2007) (citations and internal quotation marks omitted). "In determining whether Plaintiffs have met the burden, the Court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage." *Ahle v. Veracity Research Co.*, No. 09–00042, 2009 WL 3103852, at *3 (D.Minn. Sep. 23, 2009) (internal quotation marks omitted). Here, Plaintiff has supplied her deposition testimony, which is also acceptable evidence. See, e.g., *Perrin v. Papa John's Int'l, Inc*., 4:09CV01335 AGF, 2011 WL 4089251, *2 (E.D.Mo. Sept. 14, 2011) (holding that plaintiff's deposition testimony, along with allegations, declarations, and other evidence, provided substantial support for the class assertions). Also, Plaintiff has submitted declarations and corporate admissions that

All loan officers are classified as "exempt" from the FLSA pursuant to the outside sales exemption.

First Bank's compensation plan applies to all loan officers.

All loan officers employed by First Bank are subject to the identical job description that outlines the identical primary job duties.

The same employee handbook applies to all loan officers.

Loan officers are generally paid on a 100% commission basis and are not eligible for overtime or minimum wage payments.

All loan officers are employed on a full-time basis and are regularly scheduled to work a *minimum* of 40 hours per week.

Under certain circumstances, courts impose the more stringent standard at the initial stage. See *Kalish*, 2005 WL 1073645, at *2. In those cases, there has already been " 'extensive' discovery" or a significant number of potential plaintiffs have already filed consent forms to join the lawsuit. *Id.*; see, e.g., *White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1313 n. 2 (M.D.Ala.2002) (engaging in more rigorous review in light of plaintiff's "extensive discovery with respect to [defendant's] policies regarding the pay provisions of employees"); *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 497–98 (D.N.J.2000) (electing "to apply a stricter standard in its analysis," because "over 100 potential plaintiffs ha[d] already opted into this lawsuit" and because discovery had been completed before the motion for certification of collective action had been filed); *Ray*, 1996 WL 938231, at *4 ("[I]n the present case, the facts before the Court are extensive, [and] accordingly

there is no need for discovery in order to reach a determination.").

The Court finds that the circumstances of this case do not warrant imposition of the more stringent standard at this stage. Although the parties have conducted some discovery, the discovery process is not yet complete. *West v. Border Foods*, Inc., No. 05–2525, 2006 WL 1892527, at *2 (D.Minn. July 10, 2006) 006 WL 1892527, at *3; see also *Bouaphakeo v. Tyson Foods, Inc*., 564 F.Supp.2d 870, 894–95 (N.D.Iowa 2008) ("The court is persuaded by the sentiments of other district courts that 'beginning with tier one of the analysis is the most equitable means of proceeding.... [S]hould the court bypass tier one entirely, some potential plaintiffs might not become aware of the lawsuit and would not have an opportunity to join the suit.... The potential prejudice to plaintiffs of bypassing tier one thus is significant.'").

The Court finds that for the purposes of conditionally certifying the class, Plaintiff has satisfied the non-onerous burden. The motion will be granted.

**Consent Form and Disclosures**

Plaintiff has provided a proposed notice and consent form for dissemination to members of the class. Plaintiff is authorized to disseminate the notice and consent form to the members of the class.

Accordingly

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional

Collective Action Certification, [Doc. No. 14] is granted.

**IT IS FURTHER ORDERED** that Plaintiff's FLSA claim is conditionally certified to proceed as a collective action;

**IT IS FURTHER ORDERED** that First Bank shall identify all loan officers it has employed at any time in the last three years and shall provide this information to Plaintiff's attorneys within ten (10) days from the date of this Opinion, Memorandum and Order;

**IT IS FURTHER ORDERED** Plaintiff is authorized to issue Plaintiff's proposed notice and consent form to all such persons.

Dated this 13th day of March, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE